1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Antonina Seredina,                        No. CV-24-08031-PCT-SMM

10                  Plaintiff,                  **ORDER**

11   v.

12   W.L. Gore & Associates Incorporated,

13                  Defendant.

14

15        Pending before the Court is Plaintiff's Motion to File Certain Exhibits Under Seal.

16   (Doc. 45). Defendant contests the Motion. (Doc. 48). The Court grants Plaintiff's Motion.

17   **I.    LEGAL STANDARD**

18        There is a "strong presumption in favor of [public] access to court records." <u>Foltz

19   v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). The determination

20   of whether filed motions and documents may be filed under seal or must remain accessible

21   to the public "turn[s] on whether the motion is more than tangentially related to the merits

22   of a case." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1101 (9th Cir. 2016).

23   If a sealing request concerns materials that are more than tangentially related to the merits

24   of a case, the movant must meet the "compelling reasons" standard. <u>Id.</u> At 1096 (citing

25   <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006).

26        Under the compelling reasons standard, the movant must "articulate compelling

27   reasons supported by specific factual findings that outweigh the general history of access

28   and the public policies favoring disclosure." <u>Kamakana, 447 F.3d at 1178–79</u>. Compelling

reasons may arise when court files may "become a vehicle for improper purposes, 'such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" Id. at 1179 (quoting Nixon Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). After considering the competing interests at stake, "if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" Id. at 1179 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)).

## II.    SEALING REQUESTS

Plaintiff seeks to file Exhibits C and E to Plaintiff's Controverting Statements of Facts under seal pursuant to this Court's Protective Order. (Doc. 32).  Exhibit C "covers the results of imaging on Plaintiff's shoulder . . . [going] into specific details about various findings." (Doc. 50 at 2). Exhibit E includes "[ ] Plaintiff's past medical history; [ ] her medications; [ ] medical screenings; and [ ] treatment." (Id.).

Defendant opposes the request, stating Plaintiff failed to articulate compelling reasons to justify sealing, or demonstrate why a limited redaction of information in the exhibits would be insufficient, as opposed to filing the exhibits entirely under seal. (Doc. 48). Further, Defendant states Plaintiff discusses the substance of these documents extensively in her Motion for Partial Summary Judgement, eliminating any compelling interest of Plaintiff to file the exhibits under seal. (Id. citing Doc. 42). Defendant cites the administrative burdens on the Court and the parties, and thus requests the Court to deny Plaintiff's Motion. (Id.).

The Court acknowledges that Plaintiff failed to provide adequate justification for her sealing request, or even describe the disputed exhibits, in her Motion to Seal. See (Doc. 45). However, Plaintiff does so in her Reply, and the Court will reluctantly consider Plaintiff's belated arguments. (Doc. 50).[1]

Plaintiff states that "[t]he need to protect medical privacy qualifies as a 'compelling

---

[1]  The Court cautions Plaintiff's counsel that raising a new argument in a reply memorandum is improper when the issue is a critical one that should be raised in the initial motion. The Court has the discretion not to consider such belatedly raised arguments.

reason' that overcomes the presumption of public access to judicial records." (Id.) (citing Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC), 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010) (collecting cases). Plaintiff further states that she did narrow her Motion, only requesting to seal portions of her medical record discussing sensitive topics, being information about her past medical history, medications, medical screenings, and treatment. (Doc. 50). Plaintiff also points to the parties' Stipulated Motion for Entry of a Protective Order, which states:

> Based on the nature of Plaintiff's claims and Defendant's defenses thereto, the Parties anticipate the discovery sought in this action will likely include requests for information of a highly sensitive and confidential nature. This information is anticipated to include Plaintiff's medical, employment, and financial information, as well as Defendant's business records.

(Doc. 21). The Court granted parties' request for a Protective Order. (Doc. 32). Plaintiff states that the parties' Stipulated Motion demonstrates that parties understood that Plaintiff would request the Court to seal documents dealing with her medical history. (Doc. 50).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

At this stage of the litigation, the Court finds that the Plaintiff has articulated a compelling interest in filing the disputed exhibits under seal, being the interest in protecting her private medical history. <u>Lombardi v. TriWest Healthcare All. Corp.</u>, No. CV-08-02381-PHX-FJM, 2009 WL 1212170 (D. Ariz. 2009). There is no enlarged public interest in Plaintiff's past medical history favoring public disclosure. Therefore, the Court finds it proper to grant Plaintiff's Motion. Further, the Court does not find it necessary for Plaintiff to file the exhibit with limited redactions as opposed to filing the entire exhibit under seal, as most of the exhibits deal with Plaintiff's medical history, which the Court finds a compelling interest to protect. The Court reminds parties that information filed under seal may become a part of the public record at a future point in these proceedings, whether in a Court's order, as part of a Court decision, raised in a party's pleading, or during trial.

Accordingly,

**IT IS ORDERED granting** the Motion to Seal. (Doc. 48).

**IT IS FURTHER ORDERED directing** the Clerk of Court to file under seal the materials at (Doc. 43).

Dated this 9th day of April, 2025.

Stephen M. McNamee
Senior United States District Judge