WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Antonina Seredina,

      Plaintiff,

v.

W.L. Gore & Associates Incorporated, et al.,

      Defendants.

No. CV-24-08031-PCT-SMM

**ORDER**

This matter is before the Court on Defendant's Motion for Reconsideration on the Court's Order (Doc. 107) partially denying summary judgment. No response nor reply was filed. [1] For the following reasons, the Court denies the Motion.

## I.    BACKGROUND

This Court previously set forth this case's factual background in detail. (Doc. 107). Defendant W.L. Gore & Associates Incorporated ("Gore") moved for summary judgment on Plaintiff Antonina Seredina's ("Ms. Seredina") remaining claims for employment discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"). The Court granted in-part and denied in-part Gore's Second Motion for Summary Judgment. (Doc. 107). The Court granted Gore's Motion on

---

[1] In accordance with the local rules, "[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response." LRCiv. 7.2(g)(2).

Ms. Seredina's failure to accommodate claim. But the Court denied the rest of Gore's Motion because there remain genuine disputes of material facts regarding whether Gore's proffered reason for Ms. Seredina's termination is pretextual. Gore filed the instant motion for reconsideration on the Court's Order partially denying it summary judgment. (Doc. 109). Gore contends that the Court's Order reflects both clear legal error and a failure to consider material, undisputed facts. (Id. at 1). Gore contends that the Court's "Order mischaracterizes Plaintiff's conduct, fails to recognize undisputed facts, and relies on incorrect legal standards for causation and pretext, leading to the erroneous conclusion that triable issues of fact exist." (Id.)

## II.    LEGAL STANDARD

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). Some circumstances that may warrant reconsideration include when the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Disagreement with an order is insufficient for reconsideration nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. See Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988).

## III.    DISCUSSION

The Court notes that Gore does not argue that newly discovered evidence or an intervening change in controlling law entitles it to reconsideration. Gore only argues that the Court committed clear error in its prior Order. See ACandS, Inc., 5 F.3d at 1263. Gore contends that the Court's Order mischaracterizes Ms. Seredina's conduct, fails to recognize undisputed facts, and relies on incorrect legal standards for causation and pretext. (Doc. 109 at 1). The Court finds that none of Gore's arguments establish clear

error and thus denies the Motion.

## A. Disability Discrimination Claim

First, Gore contends that the Court erred in describing Ms. Seredina's gun symbol and interaction with her supervisor. (Id. at 3). Gore takes issue with the Court's characterization that Ms. Seredina's gesture was "nonverbal." (Id.) But Ms. Seredina contends that she does not know if she was yelling or what sounds she was making because she is deaf. (Doc. 90 at ¶ 40). Accordingly, the interaction was "nonverbal" to Ms. Seredina since she is deaf.

Second, Gore contends that the Court applied an incorrect legal standard and that an employer need not find a threat of violence to be "credible" before acting. (Doc. 109 at 4). However, in Mayo v. PCC Structurals, Inc., the Ninth Circuit held that "[a]n employee whose stress leads to serious and credible threats to kill his co-workers is not qualified to work for the employer, regardless of why he makes those threats." 795 F.3d 941, 944-45 (9th Cir. 2015) (emphasis added). In Mayo, the employee "threaten[ed] to kill his co-workers in chilling detail and on multiple occasions (here, at least five times)." Id. (emphasis added). That "vastly disproportionate reaction demonstrated that [the employee] could not perform an 'essential function' of his job, and was not a 'qualified individual.'" Id.

The Court acknowledges that the case law defining the severity of threats in the workplace is valid. But in this case, nothing in the record suggests that Ms. Seredina's case is similar in severity. It is undisputed that Ms. Seredina was never violent with other employees and was never written up at Gore. (Doc. 89 at 9). Gore never gave Ms. Seredina any verbal or written warnings before her termination, Gore did not perform a full security assessment, such as the WAVR-21, to evaluate Ms. Seredina's alleged threat, and Gore never investigated Ms. Seredina's prior disciplinary record, disagreements with coworkers, or her access to weapons. (Id.) Gore also presents no evidence that Ms. Seredina posed any risk to the safety of herself or others besides the events of May 3 gun symbol incident. Thus, as a matter of law, Ms. Seredina did not pose

a "serious and credible threat" that rendered her unqualified for her position. 795 F.3d at 944.

Lastly, Gore contends that the "because of a disability standard" was improperly applied because this case is distinguishable from Humphrey and Gambini. The Court disagrees and finds that it applied the correct legal standard. The Court still finds that Ms. Seredina establishes her prima facie case because "conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination[]" and whether Ms. Seredina's conduct was caused from her disability is best suited for a jury to decide. Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1139-40 (9th Cir. 2001). Although this is a close question, it is not undisputed. Thus, the law requires the Court to make reasonable inferences in favor of the non-moving party. Accordingly, the Court will not overrule its previous finding that Ms. Seredina's conduct may not have occurred if she was not deaf.

### B. Retaliation Claim

First, Gore contends that neither the facts nor the law establishes that Ms. Seredina engaged in protected activity on May 3. (Doc. 109 at 7). Gore does not cite any compelling law and recites disputed factual interpretations to support its contention. Further, it is undisputed that Ms. Seredina raised concerns about accommodations in the months and weeks before her termination, which included complaints about the absence of interpreters for meetings and not being able to communicate with supervisors. (Doc. 88 at 10). That is enough factual basis alone to find that Ms. Seredina established her prima facie case. Accordingly, the Court will not overrule its previous ruling that whether Ms. Seredina "establishes that her communication with Mr. Harrell during the May 3 incident is a protected activity under the ADA is a factual dispute for a jury to decide."

Second, Gore contends that there is insufficient evidence to support a jury question on whether the reasons for termination were pretext for retaliation. (Doc. 109 at 9). Again, Gore does not cite any compelling law and recites disputed factual interpretations to support its contention. Ms. Seredina presented both specific and

substantial evidence of pretext through examples of similarly situated employees at Gore who were treated more favorably. This includes another Gore employee that talked about blowing people's heads off, needing to "roll out with his gun," having a gun in his pants, said he felt like he was "barely holding it together, " referred to coworkers as useless, said he "needed to roll up in there with a gun and take what's owed to him," and said that if he did not receive his paycheck in time "there is going to be hell to pay." (Doc. 88 at 13). In that case, there were interviews with multiple coworkers who said they were worried about the employee bringing a gun and shooting everyone. (Id.) Still, that employee was allowed to return to work for several days over the course of weeks before he was terminated. (Id.) Accordingly, the Court will not overrule its previous ruling that Ms. Seredina establishes a prima facie case of retaliation because she established adequate evidence of pretext.

Accordingly,

**IT IS ORDERED denying** Defendant's Motion for Reconsideration. (Doc. 109).

Dated this 13th day of July, 2026.

Stephen M. McNamee
Senior United States District Judge